UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD L. BASKETT,<br><br>       Plaintiff,<br><br>   v.<br><br>TAMARA PAPINI,<br><br>       Defendant. | Case No.  C05-1565-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Plaintiff Ronald L. Baskett is incarcerated at the Monroe Correctional Complex in Monroe, Washington. He has filed a proposed civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was arrested for violating the terms of his probation. Dkt. No. 1. He seeks lost wages for the term of his allegedly unlawful incarceration. *Id*. Pursuant to 28 U.S.C. § 1915A, the Court has reviewed the complaint and recommends that the suit be dismissed without prejudice, because plaintiff has failed to raise a cognizable § 1983 claim.

## BACKGROUND AND DISCUSSION

Based upon the record before the Court, it appears that a state court ordered plaintiff to attend a treatment program and suspended his sentence while he was receiving treatment. Dkt. No. 1. The program, however, released plaintiff, because he was not making adequate

REPORT AND RECOMMENDATION
PAGE - 1

progress. *Id.* Plaintiff unsuccessfully attempted to bring a § 1983 suit against the treatment center, claiming that he was indeed making progress. Case No. C05-1166-JLR-MAT. In the case at bar, plaintiff alleges that his probation officer, defendant Tamara Papini, wrongfully arrested him after his release from the treatment program. Dkt. No. 1.

A prisoner who seeks monetary damages for a violation of his constitutional rights must file a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 482-83 (1994). However, if plaintiff's § 1983 suit implies that his sentence is invalid, he must prove that the sentence was in fact reversed, expunged, or invalidated before he can proceed, otherwise, "the complaint must be dismissed." *Id.* at 481, 487. Because plaintiff's complaint calls into question the validity of his sentence as it relates to his probation revocation, and because he has failed to demonstrate that his sentence has been invalidated, he has failed make out a cognizable § 1983 claim.[1] *Id.* at 487. Therefore, plaintiff's complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's complaint be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 6th day of December, 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] If plaintiff wishes to challenge the fact or duration of his confinement, he may instead file a state habeas corpus petition under 28 U.S.C. § 2254(a). *See Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).