UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD L. BASKETT,

           Plaintiff,

  v.

TAMARA PAPINI,

           Defendant.

CASE NO. C05-1565-JCC-JPD

ORDER

       This matter comes before the Court on Plaintiff's proposed 42 U.S.C. § 1983 complaint (Dkt. No. 1), the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue, (Dkt. No. 8), Plaintiff's objections to the R&R ("Objections") (Dkt. No. 10), Plaintiff's motions for court-appointed counsel (Dkt. No. 11), and to "enlarge [RCW 9A.50.020]" (Dkt. No. 13), and the balance of the record.   Having reviewed the materials submitted by the parties and the record, and having determined that oral argument is not necessary, the Court hereby finds and rules as follows:

//

//

//

//

ORDER – 1

1  **I.      BACKGROUND**

2       As part of his probation sentence, a state court ordered Plaintiff to undergo a treatment program.

3  (Case No. C05-1166-JLR-MAT, Pl.'s Prop. Compl. (Dkt. No. 1) 3.)  The program eventually released

4  Plaintiff because he was not making adequate progress.  (*Id.*)  After he was released from the treatment

5  program, Defendant arrested Plaintiff and Plaintiff's probation was subsequently revoked.  (Pl.'s Prop.

6  Compl. 4.)  Plaintiff alleges that his arrest and incarceration were unlawful and also alleges that his

7  probation should not have been revoked.  (*Id.*)  As a result of his probation revocation, Plaintiff alleges he

8  is no longer eligible to receive payments from a disability pension and has brought this § 1983 claim to

9  recover lost wages for the term of his allegedly unlawful incarceration.  (*Id.* at 4.)

10  **II.     ANALYSIS**

11       This Court reviews the record *de novo* when considering the objections to a magistrate judge's

12  report and recommendation.  *See* 28 U.S.C. § 636(b)(1).

13       A state prisoner seeking damages in a § 1983 suit for an allegedly unconstitutional conviction or

14  imprisonment "must prove that the conviction or sentence has been reversed on direct appeal, expunged

15  by executive order, declared invalid by a state tribunal authorized to make such determination, or called

16  into question by a federal court's issuance of a writ of habeas corpus." *Erlin v. United States*, 364 F.3d

17  1127, 1131 (9th Cir. 2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).  A claim for

18  damages bearing that relationship to a conviction or sentence that has not been so invalidated is not

19  cognizable under § 1983.  *Heck*, 512 U.S. at 486–87.  This rule rests on the principle that "civil tort

20  actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."

21  *Heck*, 512 U.S. at 486.  Accordingly, if a judgment in favor of Plaintiff would necessarily imply the

22  invalidity of his conviction or sentence, as it relates to the revocation of his probation, the complaint must

23  be dismissed, unless Plaintiff can demonstrate that his conviction or sentence already has been invalidated.

24  *Heck*, 512 U.S. at 487.

25  //

26  ORDER – 2

1    Plaintiff's claim for damages is not cognizable under § 1983.  A judgment in favor of Plaintiff

2    necessarily would implicate the validity of his sentence imposed after the revocation of his probation.

3    Plaintiff alleges that Defendant made a warrantless arrest in violation of the Fourth Amendment,

4    ultimately leading to the revocation of his probation and his subsequent period of incarceration during

5    which he was unable to receive payments from his disability pension.  In addition, his Objections to the

6    R&R further draw into question the validity of the decision to revoke his probation.  Accordingly, a

7    judgment in favor of Plaintiff necessarily would speak to the propriety of Plaintiff's sentence.

8    Furthermore, Plaintiff cannot demonstrate that his incarceration has been invalidated by a state or federal

9    court.  The record does not show any ruling declaring Plaintiff's sentence invalid, nor does it show that

10   he has initiated a challenge to the fact or duration of his incarceration.  Accordingly, Plaintiff's claim is

11   not cognizable under § 1983.  Because Plaintiff's § 1983 claim must be dismissed, his motion for court-

12   appointed counsel is moot and the Court need not address it.

13       Plaintiff's motion to "enlarge RCW 9A.50.020" is meritless.[1]  He appears to claim that his

14   allegedly unlawful seizure prevented him from acquiring medical care in violation of RCW 9A.50.020,

15   which prohibits interference with an individual's access to a health care facility.  However, at the time of

16   his allegedly unlawful seizure, Plaintiff already had been dismissed from his treatment program and no

17   longer was receiving treatment for his posttraumatic stress disorder.  (Pl.'s Prop. Compl. 3.)

18   Additionally, Plaintiff previously had pursued a claim against his treatment center for wrongfully

19   discharging him from care, and this claim was dismissed.  (Case No. C05-1166-JLR-MAT, Order (Dkt.

20   No. 8).)  Accordingly, Plaintiff's claim is without merit.

21   //

22   //

23   //

24

25       [1] Distilled to its essence, Plaintiff's motion appears to be an additional claim for damages under
     RCW 9A.50.50.

26   ORDER – 3

**III.    CONCLUSION**

For these reasons, it is hereby ORDERED:

(1) The Court DENIES Plaintiff's objections;

(2) The Court ADOPTS the Report and Recommendation;

(3) Plaintiff's proposed 42 U.S.C. § 1983 complaint is DISMISSED without prejudice;

(4) Plaintiff's motion for court-appointed counsel is DENIED as MOOT;

(5) Plaintiff's motion to enlarge statute is DENIED; and

(6) The Clerk is directed to send copies of this Order to Plaintiff, to Defendant, and to the Honorable James P. Donohue.

SO ORDERED this 27th day of January, 2006.

John C. Coughenour

United States District Judge

ORDER – 4